**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ANDREW REID,                                                                                                PLAINTIFF
ADC #134373

v.                                    5:13CV00249-JLH-JTK

WENDY KELLY, et al.                                                      DEFENDANTS

**ORDER**

This matter is before the Court on Plaintiff's Motions to Appoint an Expert Witness, and for Ruling on the Motions (Doc. Nos. 43, 44, 46). Defendants have responded in opposition to the Motions (Doc. No. 48).

In support of the Motions, Plaintiff asks the Court to appoint an expert witness, pursuant to FED. R. EVID. 706, to verify the standard of care provided by the Defendants. He claims Defendants failed to diagnose and treat his Gender Identity Disorder, and asks to be examined by an outside psychiatrist to verify the proper standard of his care.

Defendants object, stating Plaintiff's lawsuit is based on a disagreement over the type of medical care he has received, which does not support a constitutional violation. In addition, they state that Plaintiff probably could not bear the costs associated with an expert, and that the State should not be required to pay for such.

According to FED. R. EVID. 706(a), the Court "may" appoint an expert; the expenses and fees of witnesses called by the Court may be charged as costs. U.S. Marshals Service v. Means, 741 F.2d 1053, 1059 (8th Cir. 1984). However, this discretionary power "is to be exercised only under compelling circumstances." Id.

In this particular case, Plaintiff is complaining that the type of treatment provided by

Defendants constitutes deliberate indifference to his serious medical needs.  Plaintiff has not indicated that he can afford to bear the cost of an expert appointment and at this juncture of the proceedings (discovery phase), the Court does not find a compelling reason to appoint an expert at someone else's expense.  Therefore, the Court finds Plaintiff's Motions should be denied at this time.  Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's Motions to Appoint an Expert Witness (Doc. Nos. 43, 44) are DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion for a Ruling (Doc. No. 46) is GRANTED.

IT IS SO ORDERED this 22nd day of April, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE